UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUDY RODRIGUEZ PAREDES, | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:26-2392 |
| v. | : | (JUDGE MANNION) |
| WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

Pending before the Court is Eudy Rodriguez Paredes's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **GRANTED** to the extent it requests a bond hearing.

## I. BACKGROUND

Petitioner is a citizen and native of Venezuela. (Doc. 6-3 at 2). He entered the United States on or about July 11, 2023, at or near Ysleta, Texas. *Id.* On July 15, 2023, Petitioner was served with a Notice to Appear ("NTA") before an immigration judge ("IJ"). (Doc. 6-2 at 4). On March 8, 2024, Petitioner was convicted of retail theft in violation of 18 Pa.C.S. §3929(A)(1). *Id.* Petitioner received a fine for the offense. *Id.* On September 27, 2024, an IJ dismissed Petitioner's case. *Id.*

On July 25, 2026, ICE Enforcement and Removal Operations ("ERO") encountered Petitioner. *Id.* at 3. At the encounter, Petitioner produced his Pennsylvania Identification Card. *Id.* ERO officers determined that Petitioner did not have immigration status in the United States. *Id.* Accordingly, officers took Petitioner into custody, charged him with removability pursuant to Immigration and Nationality Act ("INA") §212(a)(6)(A)(i) and §212(a)(7)(i)(I), and transferred him to the Pike County Correctional Facility, where he remains detained. *Id.* at 4. Petitioner has a master hearing scheduled before IJ Corey Combs on October 14, 2026. *See* EIOR Automated Case Information, located at: https://acis.eoir.justice.gov/en/caseInformation, A-Number 240-513-872, Nationality: Venezuela (last accessed Sept. 28, 2026).

On August 20, 2026, Petitioner filed the instant petition. (Doc. 1). On September 3, 2026, Respondent filed a response to the petition. (Doc. 6). On September 15, 2026, Petitioner filed a traverse. (Doc. 7). Petitioner's petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the

authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as Petitioner's claim neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as Petitioner does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Petitioner does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec.

8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1226(c), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission[.]").

**c. Petitioner's detention under 8 U.S.C. §1226(c) is proper.**

8 U.S.C. §1226(c)(1)(E) requires mandatory detention of noncitizens who are (1) "inadmissible" under 8 U.S.C. §1182(a)(6)(A); and (2) convicted of burglary, theft, larceny, or shoplifting. *See* 8. U.S.C. §1226(c)(E)(i)-(ii). Petitioner was previously convicted of retail theft in violation of 18 Pa.C.S. §3929(A)(1). Accordingly, he is properly detained under §1226(c).

**d. Petitioner's detention has become unreasonably prolonged.**

"To determine whether prolonged detention is unreasonable, a 'highly-specific-fact-inquiry,' this Court must consider 'a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.'" *Rahmatov v. Lowe*, 2026 WL 837974, *2 (M.D.Pa. Mar. 26, 2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020)). "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. "We begin there because the Supreme Court . . . rejected a facial challenge to §1226(c) based on the Government's representation that detention lasts between one-and-a-half and five months." *Id.* (citing *Denmore v. Kim*, 638 U.S. 510, 529-30 (2003); *see also Wong Wing v. United States,* 163 U.S. 228, 235 (1896) ("We think it clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of

aliens would be valid[.]"). Duration is "evaluate[d] . . . along with all other circumstances," including: (1) "whether the detention is likely to continue," (2) "the reasons for the delay," and (3) "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 476-77 (3d Cir. 2015)).

With respect to Petitioner's duration of detention, he has been in immigration custody since July 25, 2026—just over two months. (Doc. 6-2 at 3). The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable. However, in *German Santos*, the Third Circuit noted that "detention becomes more and more suspect after five months," and that "detention became unreasonable sometime between six months and one year." *Id.* Here, Petitioner's period of detention has been significantly shorter than the reasonable period set forth in *German Santos*. *See Rahmatov*, 2026 WL 837974, at *2 ("Petitioner has been detained slightly over 5 months, and the Court finds that the duration of civil immigration detention weighs against relief at this time."); *compare J.G.J. v. Sage*, 3:26-CV-706, 2026 WL 915576 at *10 (M.D.Pa. Apr. 3, 2026) (("Here, Petitioner has been detained for approximately one year and the Court finds that the duration of civil immigration detention favors relief at this time.")

(citing *German Santos*, 965 F.3d at 210-11)). Accordingly, the first *German Santos* factor weighs against relief at this time.

The Court must also consider whether Petitioner's detention is likely to continue. *German Santos*, 965 F.3d at 211. The Court finds that it is, as immigration proceedings with respect to his removability are still ongoing, and depending on the outcome, could later go through a lengthy appeals process. Accordingly, this factor weighs in favor of relief at this time.

As for the reasons for delay, a review of Petitioner's proceedings reveals that neither party is responsible. Accordingly, this factor neither weighs in favor of nor against relief.

Finally, the Court finds that Petitioner's conditions of confinement are not meaningfully different from criminal punishment. *See German Santos*, 965 F.3d at 213 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment). Respondent argues that "[a]lthough Petitioner is confined in Pike County Correctional Facility, he is not housed in a cell for twenty-three hours a day [like the petitioner in *German Santos*]." (Doc. 6 at 12). The Court is unpersuaded by this argument. A petitioner obviously need not be detained under such extremely punitive conditions as twenty-three hours a day in one's cell for their confinement to be akin to criminal punishment. The mere fact that Petitioner,

a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the Court finds that Petitioner's detention under 8 U.S.C. §1226(c) has become unreasonable. Although Petitioner has only been detained for a little over two months, the Court finds that there is no indication that his detention will end any time soon, and his detention appears to be penal in nature. Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, where "the Government must put forth clear and convincing evidence that continued detention is necessary" and show that Petitioner "would likely flee or pose a danger to the community if released." *Id.* at 213.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** to the extent it requests a bond hearing. Respondent will be required to provide Petitioner with an individualized bond hearing before an immigration judge within fourteen days. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 10/1/26
26-2392-01